# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 17-3837-JFW (GJSx)** | Date: July 12, 2017 |

Title: Joana Barrios *-v-* L'Oreal USA Products, Inc., et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER DENYING MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT PURSUANT TO 28 U.S.C. §1446(b) [filed 6/12/17; Docket No. 24]

On June 12, 2017, Plaintiff Joana Barrios ("Plaintiff") filed a Motion to Remand to Los Angeles Superior Court Pursuant to 28 U.S.C. § 1446(b) ("Motion"). On June 26, 2017, Defendant L'Oreal USA Products, Inc. ("Defendant") filed its Opposition. On June 30, 2017, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 17, 2017 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

On April 5, 2017, Plaintiff filed a Complaint in Los Angeles Superior Court against Defendant, alleging claims for: (1) discrimination in violation of California Government Code §§ 12940, *et seq.*; (2) retaliation in violation of California Government Code §§ 12940, *et seq.*; (3) failure to prevent discrimination and retaliation in violation of California Government Code § 12940(k); (4) failure to provide reasonable accommodations in violation of California Government Code §§ 12940, *et seq.*; (5) failure to engage in a good faith interactive process in violation of California Government Code §§ 12940, *et seq.*; (6) wrongful termination in violation of public policy; and (7) declaratory judgment.

On May 22, 2017, Defendant filed Notice of Removal, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction. In her Motion, Plaintiff argues that this case should be remanded to Los Angeles Superior Court because diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000.

**II.   Legal Standard**

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council*

*of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

### III. Discussion

"A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, if the plaintiff contests the defendant's allegation, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See id.* at 553-54; 28 U.S.C. § 1446(c)(2)(B).

In light of the relief requested, including lost wages, damages for emotional distress, attorneys' fees, and punitive damages, the Court finds that Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. As Defendant demonstrated in its Notice of Removal and Opposition to Plaintiff's Motion, a conservative estimate of Plaintiff's lost wages alone is $71,720.00. In addition, Defendant demonstrated that the emotional distress damages in this case "are potentially substantial." *Richmand v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered . . . emotional distress awards in similar age discrimination cases"). Accordingly, the Court concludes that it has subject matter jurisdiction under 28 U.S.C. § 1332(a).

### IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.